UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BAKER HUGHES OILFIELD OPERATIONS, INC.** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **VERSUS** | |
| | **CASE NO.:** |
| **NORTHSTAR OFFSHORE GROUP, LLC** | |
| **Defendant** | **SECTION:** |

---

**COMPLAINT FOR MONEY JUDGMENT; TO RECOGNIZE AND
ENFORCE PRIVILEGE; WRIT OF SEQUESTRATION AND
FOR GARNISHMENT UNDER SEQUESTRATION**

The Complaint of Baker Hughes Oilfield Operations, Inc ("Baker") respectfully represents as follows:

**Parties**

1.

The Plaintiff Baker is a California corporation engaged in the business of furnishing drilling services in support of drilling, development, exploration and/or operation of oil and gas wells, with its principal place of business in Houston, Texas.

2.

Made defendant herein is Northstar Offshore Group, LLC, ("Northstar"), a Texas corporation with its principal place of business domiciled in Houston, Texas, doing business in the State of Louisiana in the Parish of Plaquemines and the named operator of the lease and well located on South Pass Block 86 in offshore waters.

**Jurisdiction**

3.

This Court has jurisdiction over this Complaint because the case and controversy arises out of, and in connection with, operations conducted on the Outer Continental Shelf for the exploration, development, or production of minerals, subsoil, and seabed of the Outer Continental Shelf. Thus, jurisdiction exists pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. §1349(b) (1) ("OCSLA").

4.

Venue is proper in this District under 43 U.S.C. §1349(b) (1) because this is the "judicial district of the State nearest the place the cause of action arose."

**Factual Allegations**

5.

Baker is in the business of furnishing labor, equipment, machinery, materials, and services, including logging services, in support of drilling, development, exploration and/or the operation of oil and gas wells.

**South Pass Lease**

6.

Northstar  is the operator of leases situated in the Outer Continental Shelf, specifically OCS-G-5687, covering Block 86, South Pass, OCS Leasing Map, Louisiana Map 11A (the

"Lease") containing approximately 5,000 acres, including Well #C-2, off the coast of Plaquemines Parish, Louisiana.

7.

Baker furnished goods and services to Northstar on open account, for the drilling, completion, testing, and production of oil and/or gas wells for its properties situated on the Outer Continental Shelf, offshore Louisiana.

8.

Between May 14, 2014 and June 7, 2015, Baker furnished goods, equipment, supplies, materials and related services s for and in connection with the drilling and/or operation of the well on the Lease in the total amount of $79,297.88 together with accrued contracted interest, attorneys' fees and costs, which is due and owing.

9.

Pursuant to La. R.S. §9:4861, et seq. and 43 U.S.C. §1333(a)(2)(A), Baker is granted a privilege and lien for payment of its work and properly preserved and perfected oil well liens securing the above-described debt by filing the following lien affidavit:

> Oil Well Lien Affidavit, Notice of Claim of Lien, and Statement of Privilege in the amount of $79,297.88 in favor of Baker bearing against Lease No. OCS-G-5687, South Pass Block 86 and filed in the mortgage records of Plaquemines Parish, Louisiana in Book 673, Page 732 on November 9, 2015.

**West Cameron Lease**

10

On May 19, 2015 Baker furnished goods, equipment, supplies and services for and in connection with the drilling and/or operation of the well on Lease No. OCS-6-13563, West

Cameron Block 269, Well JA004, in the total amount of $3000.00 together with accrued

contracted interest, attorneys' fees and costs, which is due and owing.

11.

Pursuant to La. R.S. §9:4861, et seq. and 43 U.S.C. §1333(a)(2)(A), Baker is granted a

privilege and lien for payment of its work and properly preserved and perfected oil well liens

securing the above-described debt by filing the following lien affidavit:

> Oil Well Lien Affidavit, Notice of Claim of Lien, and Statement of
> Privilege in the amount of $3,000.00 in favor of Baker bearing against
> Lease No. OCS-G-13563, West Cameron Block 269, Well JA004, and
> filed in the mortgage records of Cameron Parish, Louisiana in File No.
> 337253 on November 9, 2015.

12.

The amounts remaining due and owing under the contracts for the work described in

paragraphs 8 and 10 above are past due and remain due and owing together with contractual

interest per annum and attorneys' fees of up to 10% of the amount due and costs for preparing

each lien affidavit and notice of lis pendens.

**Count One**

13.

Baker incorporates by reference each of the allegations contained in paragraphs 1 through

12 above.

14.

Baker is granted a privilege and lien by operation of law, including but not limited to, by

La. R.S. 9:4861, et seq. and 43 U.S.C. §1333(a)(2)(A), for payment of its work.

15.

The lien and privilege exists on property including, but not limited to the following: ("the Encumbered Property"):

(1)     the operating interest under which the operations giving rise to the privilege are conducted, together with any interest or a lessee of such interest in (a) wells, including Lease OCS-G-5687 # C-2 well, building, tank, leasehold pipeline and other construction facility on the well site; (b) movables on well sites that are used in operations; (c) tract of land, servitude, lease covering the well site of the operating interest, including Lease OCS-G-5687 #C-2, located in South Pass Block 86 offshore from the coast of Plaquemines Parish, Louisiana;

(2)     drilling or other rigs located on the well site owned by Northstar;

(3)     any interest of an operator or participating or nonparticipating lessee in hydrocarbons producing from the operating interest;

(4)     proceeds received by, and obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege.

16.

Each affidavit of lien was filed within 180 days of completion of Baker's work under the contract.

17.

This is an action, inter alia, for recognition of and to enforce Baker's privileges under La. R. S. 9:4862(B), which Baker hereby seeks hereunder.

## Count Two: Writ of Sequestration

### 18.

Baker incorporates by reference the allegations contained in paragraphs 1 through 16 above.

### 19.

Northstar has the power to conceal, dispose of, or waste the encumbered properties described above or the revenues therefrom during the pendency of this litigation.

### 20.

To protect Baker's lien and privilege, it is necessary that a writ of sequestration issue, directing the federal marshal to seize any and all Encumbered Properties including that named in paragraph 15 to which Baker's lien attaches, including but not limited to, the funds due and owing to Northstar by the purchasers of Northstar's production from the Encumbered Property. The writ of sequestration should issue in accordance with La. Code Civ. Proc. Arts. 3571 et seq., made applicable to this proceeding by Fed. R. Civ. P. 64, and the marshal should be directed to hold all sequestered property until further order of this Court.

### 21.

Additionally, under La. Rev. Stat. 9:4871 Baker may enforce its privileges by a writ of sequestration, without the necessity of furnishing security.

## Count Three: Sum Due

### 22.

Baker incorporates by reference the allegations contained in paragraphs 1 through 20

above.

### 23.

Baker invoiced Northstar a total amount of $82,297.88 in connection with goods and services provided by Baker in the operation of the wells.

### 24.

Baker fully performed its duties and furnished the supplies, equipment, materials and services in connection with the drilling and operation of wells used in the production of oil and gas on the lease.

### 25.

To date, the sums owed to Baker have not been paid by Northstar, despite amicable demand.

### 26.

Baker asserts that it is entitled to legal interest on all invoices at the legal rate as provided by La. Civ. Code art 2000 from date due until paid.

WHEREFORE, Baker respectfully prays this Court:

(1)    Issue a writ of sequestration directing the federal marshals of this District to seize and to hold subject to further order of the Court all Encumbered Properties identified in paragraph 15 hereinabove, wherever located and by whomever held, including but not limited to, the funds owed to Northstar by purchasers of Northstar's productions on the Encumbered Property.

(2)     Enter Judgment in favor of Baker Hughes Oil Field Operations, Inc. recognizing and maintaining the writ of sequestration and recognizing and enforcing their liens on the Encumbered Property.

(3)     Issue final judgment in favor of Baker Hughes Oilfield Operations, Inc in the amount of $82,297.88, together with accrued contracted interest, attorneys' fees, the costs of preparing and filing the liens and all court costs.

(4)     Grant all other general and equitable relief as may be just in the premises and to which Baker Hughes Oilfield Operations, Inc. may be entitled.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK
RANKIN & HUBBARD

/s/ Stewart F. Peck
STEWART F. PECK (#10403)
ERIN R. ROSENBERG (#34422)
601 Poydras Street Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
speck@lawla.com;
Attorney for Baker Hughes Oilfield
Operations, Inc.

**PLEASE WITHHOLD ISSUANCE OF WRIT
OF SEQUESTRATION AT THIS TIME**

**CLERK, Please Issue Summons as attached**

8